McCORD, Judge.
This is a petition for review of administrative action pursuant to § 120.68, Florida Statutes. Petitioners sought and obtained from respondent a declaratory judgment under § 120.565, Florida Statutes. The question presented by petitioner was the following:
“Whether the definition of ‘special risk’ as set forth in Rule 22B-1.05(c) (2), Florida Administrative Rules and Regulations, means danger in which an individual places himself due to the hazardous nature or his employment; or whether special risk means the hypothetical danger in which such individual places others if he were to continue in his employment past retirement age.”
The foregoing question relates to the interpretation which respondents have placed upon § 121.021(15), Florida Statutes 1975, (a portion of the Florida Retirement System Act) which provides as follows:
“(15) ‘Special risk member* means any officer or employee whose application is approved by the administrator and who receives salary payments for work performed as a peace officer; law enforcement officer; policeman; highway patrolman; custodial employee at a correctional or detention facility; correctional agency employee whose duties and responsibilities involve direct contact with inmates, but excluding secretarial and clerical employees; fireman; or an employee in any other job in the field of law enforcement or fire protection if the duties of such person are certified as hazardous by his employer.” (Emphasis supplied)
The administrator referred to in the above statute is the respondent Director of the Division of Retirement [Section 121.-021(5)]. Respondent’s rule which interprets the foregoing statute and with which petitioner takes issue is paragraph 2 of re-pondents’ Rule 22B-1.05C which states in pertinent part as follows:
“2. Once it is determined that the member falls into one of the categories enumerated in (1), the member’s duties shall be considered hazardous and the member classified as special risk if, in the judgment of the Administrator, continued performance of the primary duties and responsibilities of the member beyond the normal retirement age for a special-risk member will constitute a hazard to the public and the member's fellow workers or will jeopardize the physical or mental well-being of the member, and at least one of the following statements applies to the member: . . . ”
(Emphasis supplied)
The above quoted rule was adopted by respondent Administrator to implement the foregoing statute. Petitioner takes issue with that portion of the rule by which the Administrator interprets a member’s duties as “hazardous” if the continued perfor- *38 manee of the primary duties and responsibilities of the position beyond the normal retirement age for a “special risk member” will constitute a hazard to the public and the member’s fellow workers. Petitioner contends that such interpretation imposes burdens not contemplated by the language of the above quoted statute; that the legislative intent of the statute was to give additional retirement benefits to certain employees who perform tasks on behalf of the public that are particularly hazardous or dangerous to themselves; that it was not the intent of the legislature to classify an employee as a special risk member whose duties, because of the infirmities of advancing age, would constitute him a hazard to the public and his fellow workers.
Respondents counter with the argument the legislature, in using the term “hazardous” in relation to the employee’s duties, intended that such term encompass not only duties hazardous to the employee but also duties hazardous to the public and the employee’s fellow workers if performed beyond the normal retirement age for a special risk member.
When we think of hazardous duties in the normal and ordinary sense, we do not consider that such term can relate only to duties which an employee performs that are not hazardous to him but may be hazardous to others. The usual connotation of the term denotes duties which are hazardous to the employee, although such duties may also be hazardous to others. The term may not logically be applied to duties that are only hazardous to others. It is our ruling that the legislature intended that the term be applied only in its usual and ordinary sense — duties hazardous to the employee. The provision of the rule which interprets the statute otherwise goes beyond the legislative enactment and is invalid.
Reversed.
BOYER, C. J., and LEE, THOMAS E., Associate Judge, concur.